R. Ruiz & Cía., Plaintiff and Appellee, v. Domingo García, Defendant and Appellant.

No. 6472. Argued June 7, 1934.—Decided June 30, 1934.

A. L. *López* for appellant. J. *Pedro Miranda* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

The first assignment goes to the sufficiency of an affidavit of service. Section 92 of the Code of Civil Procedure provides for service of summons by the marshal or by "any other person over the age of eighteen, not a party to the action." Pedro López de Victoria, who served the summons in the instant case, swore that he was twenty-six years of age. The jurat reads as follows:

> Affidavit No. ——. Sworn to and subscribed before me by Pedro López de Victoria, 26 years old, married, an employee and a resident of San Juan known to me personally, who has been identified by two witnesses who also sign and are known to me personally, in San Juan, P. R., on this the 20th of May, 1933. (Signed:) Héctor González Blanes, per Josefina Naranjo."

It was not necessary that the deponent should identify himself under oath. The failure of the secretary to strike from the printed form an alternative statement in the jurat as to the manner of identification was not a fatal defect. The secretary was not required to fill in the blank as to the number of the affidavit. Appellant relies on "An Act to establish a registry of affidavits or declarations executed before notaries and other officers," approved March 12, 1908. Section 9 of that law (Comp. St. 1911, Section 23) excludes affidavits made before the secretary of a district court in cases pending before that court. See also *Valcourt* v. *Torres*, 44 P.R.R. 888.

Next appellant challenges the validity of the judgment by default entered by the clerk without first having

entered defendant's default. Section 194 of the Code of Civil Procedure provides that:

"1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the secretary of the court within the time specified in the summons, or such further time as may have been granted, the secretary, upon application of the plaintiff, must enter the default of the defendant, and immediately thereafter enter judgment for the amount specified in the summons, including the costs, against the defendant, or against one or more of several defendants, in the cases provided for in Section 96."

The *praecipe* herein requested first an entry of default and second an entry of judgment by default in the order prescribed by Subdivision 1 of Section 194. The judgment recites that defendant's default had been duly entered. As a matter of fact the default was entered on the day following the entry of judgment. The previous entry of default, however, was not a jurisdictional prerequisite to the entry of judgment. No answer was filed either before the entry of the judgment or before the entry of default. The irregularity in the order of the two entries did not prejudice defendant in any substantial right and is not a sufficient ground for reversal.

As a third ground of appeal appellant insists that the case does not come within Subdivision 1 of Section 194, *supra*. Plaintiff alleged as a first cause of action:

"2. That the defendant has a current account with the plaintiff, which after being liquidated by common agreement on December 30, 1932, showed a balance in favor of the plaintiff amounting to $503.12 which amount was found correct by the defendant who bound himself to pay the same as soon as required to that effect by the plaintiff."

The only difference between the first cause of action and the others is that the first was based on an account with plaintiff and the others on accounts with other creditors who had assigned them to plaintiff after the amounts had been

definitely determined and an obligation to pay had been assumed by the debtor. The case, we think, was clearly a proper one for the entry by the secretary of a default judgment.

The judgment appealed from must be affirmed.